IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAKESH JYOTI SARAN, | ) | |
| ID # 33701-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:11-CV-1553-P |
| vs. | ) | No. 3:05-CR-240-P(01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Vacate, Set Aside, or Correct Sentence brought by movant pursuant to 28 U.S.C. § 2255. The respondent is the United States of America ("the government").

## I. BACKGROUND

In a 201-count indictment filed September 20, 2005, the government charged movant and thirty-eight individual and corporate codefendants with various offenses. (Indictment, doc. 1).[1] Movant pled guilty on November 14, 2006, pursuant to a plea agreement to one count of conspiracy to commit health care, mail and wire fraud, two counts of mail fraud, and one count of conspiracy to distribute controlled substances in violation of 18 U.S.C. §§ 371, 1341 and 21 U.S.C. §§ 841. 846. (docs. 392, 397). On December 10, 2009, a sentencing hearing was held, after which the Court entered judgment against movant and sentenced him to 12 years imprisonment, followed by three years' supervised release. (Judgment, doc. 1062).

On December 13, 2009, movant filed a notice of appeal with the Fifth Circuit Court of Appeals. (doc. 1061). On June 16, 2010, the Fifth Circuit granted the government's motion to dismiss. *See United States v. Saran*, No. 09-11211 (5th Cir. June 16, 2010).

---

[1] Unless otherwise stated, all referenced documents refer to the number assigned in the underlying criminal action.

On July 8, 2011, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, along with a memorandum in support. Movant asserts that his trial counsel was ineffective for failing to seek at sentencing either specific performance of the plea agreement or a withdrawal of movant's guilty plea due to the government breaching the plea agreement. (Mot. at 5; Mem. at 7-9). The government filed its response on September 19, 2011. Movant filed no reply brief.

## II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his sole ground for relief, movant asserts that his trial counsel was ineffective for failing to seek either specific performance of the plea agreement or withdrawal of movant's guilty plea based upon the government's alleged breach of the plea agreement. In particular, movant asserts that the government breached the plea agreement by failing to properly seek an adjustment of movant's sentence based on his substantial assistance. (Mem. at 7-9). While movant acknowledges that counsel objected at sentencing that the government had breached the plea agreement, he contends that counsel should have gone further and sought either specific performance of the plea or sought to withdraw movant's guilty plea.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant's plea agreement included the following paragraph concerning the government's part of the agreement:

> The government will not bring any additional charges against Saran based upon the conduct charged in the indictment. In addition, the Government agrees to move to dismiss any remaining counts of this indictment, at the time of sentencing, as to this defendant only. If, in its sole discretion, the government determines that Saran has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Saran or any property.

(doc. 397 at 11). Movant acknowledges that the government filed a motion for a downward departure in movant's sentence, but contends that this motion was insufficient because it recommended a two to three level downward departure in sentencing, rather than a greater amount. Movant further contends that the government filed a "begrudging" motion for downward departure and violated the plea agreement by contending at sentencing that movant's family members provided greater assistance to the government than movant himself. (Mem. at 4-5; *see* doc. 1088 at 58-9). At sentencing, trial counsel asserted briefly that the government had breached the plea agreement by failing to "urge" sentencing consideration based on movant's assistance because the government allegedly failed to provide "full and complete information with regard to the nature and extent of his cooperation." (doc. 1088 at 62).

Trial counsel was not ineffective for failing to seek specific performance of the plea agreement or a withdrawal of movant's plea because the government did not breach the agreement. The agreement specifically states that the government would, in its *sole discretion*, file a motion urging sentencing consideration if it was determined that movant provided substantial assistance in the investigation or prosecution of others. If a defendant proves by a preponderance of the evidence that the government breached the plea agreement, he is entitled to either specific performance of the agreement or withdrawal of his plea agreement. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). The government breaches a plea agreement if its conduct was not consistent with the parties' reasonable understanding of the agreement. *United States v. Harper*, 643 F.3d 135, 139-40 (5th Cir. 2011). The government's conduct in movant's case was consistent with the agreement because the agreement gave the government the discretion to file a motion recommending a downward departure in sentence, and the government filed a motion within its discretion recommending a three-level adjustment. Therefore, counsel was not ineffective for

4

failing to seek either specific performance or a withdrawal of the plea because there was no evidence to support a claim that the agreement had been breached. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Furthermore, movant has failed to show that he was prejudiced by counsel's representation during the sentencing hearing. First, counsel successfully argued at sentencing that movant should receive a greater downward departure in his sentence for his substantial assistance to the government than the three levels recommended by the government. Rather than the three-level downward departure advocated by the government, the Court gave movant a four-level downward departure. (doc. 1088 at 62). In addition, counsel's objection to the loss amount was sustained by the Court, which had the effect of lowering movant's sentence guideline four levels. (doc. 1088 at 44-45). Movant has failed to show that, but for counsel's alleged deficiency, his sentence would have been less harsh. To the contrary, counsel's representation resulted in movant's sentence being lowered. Movant's § 2255 motion is without merit.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief on the claims raised in his motion to vacate.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

5

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. In light of the ruling in this case, the court concludes that petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event of a notice of appeal, the court notes that Petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*

**SO ORDERED.**

**SIGNED this 26 day of June, 2012.**

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[2]      Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.